IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW STEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. _____ |
| JERRY M. ANDES, *as Trustee* ) | |
| *of the* JERRY M. ANDES ) | |
| REVOCABLE LIVING TRUST, ) | |
| DAVID ANDES *as Co-Trustee of the* ) | |
| DAVID ANDES REVOCABLE ) | |
| LIVING TRUST, LOIS H. COHEN, ) | |
| *as Trustee of the* LOIS H. COHEN ) | |
| IRREVOCABLE TRUST, JUDITH ) | |
| ALEMBIK, AARON ALEMBIK, ) | |
| LAWRENCE COHEN, ROCHELLE ) | |
| FRISCH, BARBARA NEWBURGER, ) | |
| SIDNEY NEWBURGER, BRENDA ) | |
| PATE, MICHAEL PERLING, and ) | |
| MICHAEL VERNER, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

COMES NOW, MATTHEW STEIN, by and through the undersigned counsel, and files this, his Complaint against Defendants JERRY M. ANDES, as Trustee of the JERRY M. ANDES REVOCABLE LIVING TRUST, DAVID ANDES, as Trustee of the DAVID ANDES REVOCABLE LIVING TRUST, LOIS H. COHEN, as Trustee of the LOIS H. COHEN IRREVOCABLE LIVING

1

TRUST, JUDITH ALEMBIK, AARON ALEMBIK, LAWRENCE COHEN, ROCHELLE FRISCH, BARBARA NEWBURGER, SIDNEY NEWBURGER, BRENDA PATE, MICHAEL PERLING and MICHAEL VERNER (collectively, "Defendants") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff MATTHEW STEIN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Dekalb County).

4. Plaintiff is a paraplegic and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially

limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant JERRY M. ANDES, as Trustee of the JERRY M. ANDES REVOCABLE LIVING TRUST (hereinafter "JMA Trust") is, upon information and good faith belief, a revocable living trust formed under the laws of the state of Georgia.

8. JMA Trust may be served via its appointed trustee, to wit: Jerry M. Andes, 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

9. Defendant DAVID ANDES, as Co-Trustee of the DAVID ANDES REVOCABLE LIVING TRUST (hereinafter "DA Trust") is, upon information and good faith belief, a revocable living trust formed under the laws of the state of Georgia.

10. DA Trust may be served via its appointed co-trustee, to wit: David Andes, 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

11. Defendant LOIS H. COHEN, as Trustee of the LOIS H. COHEN IRREVOCABLE TRUST (hereinafter "LHC Trust") is, upon information and good faith belief, an irrevocable trust formed under the laws of the state of Georgia.

12. LHC Trust may be served via its appointed trustee, to wit: Lois H. Cohen, 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

13. Defendant JUDITH ALEMBIK (hereinafter "JA") is, upon information and good faith belief, an individual whom at all times relevant to the instant matter was a resident of the state of Georgia

14. JA may be properly served with process at 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

15. Defendant AARON ALEMBIK (hereinafter "AA") is, upon information and good faith belief, an individual whom at all times relevant to the instant matter was a resident of the state of Georgia

16. AA may be properly served with process at 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

17. Defendant LAWRENCE COHEN (hereinafter "LC") is, upon information and good faith belief, an individual whom at all times relevant to the instant matter was a resident of the state of Georgia

18. LC may be properly served with process at 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

19. Defendant ROCHELLE FRISCH (hereinafter "RF") is, upon information and good faith belief, an individual whom at all times relevant to the

instant matter was a resident of the state of Georgia

20. RF may be properly served with process at 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

21. Defendant BARBARA NEWBURGER (hereinafter "BN") is, upon information and good faith belief, an individual whom at all times relevant to the instant matter was a resident of the state of Georgia

22. BN may be properly served with process at 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

23. Defendant SIDNEY NEWBURGER (hereinafter "SN") is, upon information and good faith belief, an individual whom at all times relevant to the instant matter was a resident of the state of Georgia

24. SN may be properly served with process at 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

25. Defendant BRENDA PATE (hereinafter "BP") is, upon information and good faith belief, an individual whom at all times relevant to the instant matter was a resident of the state of Georgia

26. BP may be properly served with process at 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

27. Defendant MICHAEL PERLING (hereinafter "MP") is, upon

information and good faith belief, an individual whom at all times relevant to the instant matter was a resident of the state of Georgia

28. MP may be properly served with process at 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

29. Defendant MICHAEL VERNER (hereinafter "MV") is, upon information and good faith belief, an individual whom at all times relevant to the instant matter was a resident of the state of Georgia

30. MV may be properly served with process at 201 Allen Road, Suite 300, Atlanta, Georgia 30326-1543.

## FACTUAL ALLEGATIONS

31. On or about March 2, 2021, Plaintiff was a customer at "Metal Supermarket," a business located at 4301 Pleasantdale Road, Suite J, Atlanta, Georgia 30340.

32. JMA Trust is a co-owner of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

33. DA Trust is a co-owner of the Facility and Property.

34. LHC Trust is a co-owner of the Facility and Property.

35. JA is a co-owner of the Facility and Property.

36. AA is a co-owner of the Facility and Property.

37. LC is a co-owner of the Facility and Property.

38. RF is a co-owner of the Facility and Property.

39. BN is a co-owner of the Facility and Property.

40. SN is a co-owner of the Facility and Property.

41. BP is a co-owner of the Facility and Property.

42. MP is a co-owner of the Facility and Property.

43. MV is a co-owner of the Facility and Property.

44. Plaintiff lives approximately thirteen (13) miles from the Facility and Property.

45. Plaintiff's access to the business(es) located at 4301 Pleasantdale Road, Atlanta, Georgia 30340, (DeKalb County Property Appraiser's parcel number 18 318 06 005), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

46. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

47. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

48. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

49. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

50. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

51. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

52. The Facility is a public accommodation and service establishment.

53. The Property is a public accommodation and service establishment.

54. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

55. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

56. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

57. The Facility must be, but is not, in compliance with the ADA and ADAAG.

58. The Property must be, but is not, in compliance with the ADA and ADAAG.

59. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and

ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

60.     Plaintiff intends to visit the Facility and Property again in the very near future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

61.     Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

62. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

63. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

    a.    There are no accessible parking spaces on the Property that comply with section 502.1 of the 2010 ADAAG standards, in violation of section 208.2 of the 2010 ADAAG standards. In the alternative, the total number of accessible parking spaces on the Property and their distribution is inadequate, in violation of sections 208.2 and 208.3 of the 2010 ADAAG standards.

    b.    Suite 4301-E of the Facility is situated upon a raised concrete foundation that is not ramped, rendering it entirely inaccessible to disabled patrons that require a wheelchair for mobility

        purposes, such as Plaintiff, in violation of sections 206.2.1 and 303.4 of the 2010 ADAAG standards.

c.    Suite 4301-I of the Facility is situated upon a raised concrete foundation that is not ramped, rendering it entirely inaccessible to disabled patrons that require a wheelchair for mobility purposes, such as Plaintiff, in violation of sections 206.2.1 and 303.4 of the 2010 ADAAG standards.

d.    Suite 4301-J of the Facility is situated upon a raised concrete foundation that is not ramped, rendering it entirely inaccessible to disabled patrons that require a wheelchair for mobility purposes, such as Plaintiff, in violation of sections 206.2.1 and 303.4 of the 2010 ADAAG standards.

e.    Due to a lack of parking stops that encourage vehicles to pull up far enough to block the accessible route to the entrances of the accessible tenant spaces of the Facility, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36" (thirty-six inches) inches required by section 403.5.1 of the 2010 ADAAG standards.

f.    There are two accessible ramps providing access to Suites

        4301-A and 4301-B of the Facility. The first of these two ramps has broken pavement and vertical rises at its base in excess of 1" (one inch), and its running slope and the slope of its side flares are in excess of 1:10 (one to ten), in violation of sections 405.2, 405.7 and 406.3 of the 2010 ADAAG standards. The second of these two ramps has side flares with slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

  g.    The Facility and Property has not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities in violation of section 28 C.F.R. § 36.211.

  h.    Upon information and good faith belief, Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities on the Property are readily accessible to and usable by disabled individuals.

64.    Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to find and utilize an accessible parking space

on the Property, and made it extremely difficult and dangerous for Plaintiff to access the Suite J portion of the Facility.

65. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

66. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

67. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

68. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

69. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

70. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily

achievable because Defendants have the financial resources to make the necessary modifications.

71. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

72. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

73. Plaintiff's requested relief serves the public interest.

74. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

75. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

76. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendants in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: March 18, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich